IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 12-cr-00490-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

CHRISTINE ESTORGA,

    Defendant.

---

## PLEA AGREEMENT

---

The United States of America (the government), by and through Martha A. Paluch, Assistant United States Attorney for the District of Colorado, and the defendant, CHRISTINE ESTORGA (the defendant), personally and by counsel, Assistant Federal Public Defender Edward R. Harris, submit the following Plea Agreement pursuant to D.C.COLO.LCrR 11.1.

### I. AGREEMENT

The defendant agrees to plead guilty to Count One of the Indictment, charging a violation of Title 18, United States Code, Section 641, Theft of Government Property. The defendant also agrees to pay restitution in the amount of $58,533.00 to the United States Department of Veterans Affairs (VA).

In exchange for the defendant's plea of guilty, the government agrees that at the conclusion of the change of plea hearing, it will move to dismiss all of the remaining charges in the Indictment against the defendant with prejudice. The government also agrees that it will recommend a probationary sentence to include a period of home



detention at the bottom of the applicable guideline range as determined by the Court. The government further agrees that the defendant is free to argue for a variant sentence of probation only.

## II. ELEMENTS OF THE OFFENSE(S)

The parties agree that the elements of the offense[s] to which this plea is being tendered are as follows:

*First:* the money belonged to the United States government;

*Second:* the defendant knowingly converted to her use money with the intention of depriving the owner of the use or benefit of the money;

*Third:* the value of the money was more than $1,000.

## III. STATUTORY PENALTIES

The maximum statutory penalty for a violation of 18 U.S.C. § 641 is: not more than 120 months imprisonment; not more than $250,000 fine, or both; not more than three years supervised release; $100 special assessment fee; plus $58,533 restitution payable to the United States Department of Veterans Affairs.

If probation or supervised release is imposed, a violation of any condition of probation or supervised release may result in a separate prison sentence and additional supervision.

## IV. COLLATERAL CONSEQUENCES

The conviction may cause the loss of civil rights, including but not limited to the rights to possess firearms, vote, hold elected office, and sit on a jury.

## V. STIPULATION OF FACTS

The parties agree that there is a factual basis for the guilty plea that the defendant will tender pursuant to this plea agreement. That basis is set forth below. Because the Court must, as part of its sentencing methodology, compute the advisory guideline range for the offense of conviction, consider relevant conduct, and consider the other factors set forth in 18 U.S.C. §3553, additional facts may be included below which are pertinent to those considerations and computations. To the extent the parties disagree about the facts set forth below, the stipulation of facts identifies which facts are known to be in dispute at the time of the execution of the plea agreement.

This stipulation of facts does not preclude either party from hereafter presenting the Court with additional facts which do not contradict facts to which the parties have stipulated and which are relevant to the Court's guideline computations, to other 18 U.S.C. § 3553 factors, or to the Court's overall sentencing decision.

The parties agree that the date on which relevant conduct began is approximately March 27, 2008.

The parties agree as follows:

The United States Department of Veterans Affairs (VA) is a cabinet level department of the Executive Branch of the Federal government, whose mission is to care for U.S. military veterans and their dependents. In furtherance of this mission, the VA provides benefits, known as Dependency and Indemnity Compensation (DIC), to surviving spouses of veterans whose deaths were the result of causes that the VA recognizes as being related to their military service. With respect to spouses, DIC

benefits are paid to surviving spouses who have not remarried, or surviving spouses who have remarried after reaching the age of 57. DIC benefits terminate upon the death of the surviving spouse and are not transferred to the children of the surviving spouse.

Beatrice Longoria, the defendant's mother, began receiving DIC benefits in 1945 upon the death of her husband. Ms. Longoria resided in Arvada, Colorado, and received DIC benefits via direct deposit to her Partner Colorado Credit Union account, in Arvada, Colorado. In April 2012, investigation revealed that Ms. Longoria died on March 27, 2008. However, because the VA was never notified of Ms. Longoria's death, the VA continued to direct deposit monthly DIC payments to her Colorado credit union account. Records from Ms. Longoria's Colorado credit union account revealed that this account was held jointly by Ms. Longoria and her daughter, the defendant. The statements from this account showed that no deposits were made into this account other than the DIC benefits. After March 27, 2008, the funds in this account were accessed by the defendant using an ATM card for ATM withdrawals, Point of Sale purchases, and certain automatic monthly deductions.

The defendant admitted to using the funds from the Colorado credit union account she shared with her mother, Beatrice Longoria, after her mother's death. The defendant acknowledged accessing the funds via an ATM card and stated that she knew the money was from the VA and that she was not entitled to it.

## VI. ADVISORY GUIDELINE COMPUTATION AND 3553 ADVISEMENT

The parties understand that the imposition of a sentence in this matter is governed by 18 U.S.C. § 3553. In determining the particular sentence to be imposed, the Court is required to consider seven factors. One of those factors is the sentencing range computed by the Court under advisory guidelines issued by the United States Sentencing Commission. In order to aid the Court in this regard, the parties set forth below their estimate of the advisory guideline range called for by the United States Sentencing Guidelines. To the extent that the parties disagree about the guideline computations, the recitation below identifies the matters which are in dispute.

A.	The base guideline is § 2B1.1(a)(2), with a base offense level of 6.

B.	Pursuant to § 2B1.1(b)(1)(D), the base offense level is increased by 6 levels for more than $30,000 but less than $70,000 in loss.

C.	There are no victim-related, role-in-offense, obstruction and/or multiple-count adjustments.

D.	The adjusted offense level therefore would be 12.

E.	The defendant should receive a 2-level downward adjustment pursuant to § 3E1.1(a). The resulting offense level therefore would be 10.

F.	The parties understand that the defendant's criminal history computation is tentative. The criminal history category is determined by the Court based on the defendant's prior convictions. Based on information currently available to the parties, it is estimated that the defendant's criminal history category would be I.

G.	The career offender/criminal livelihood/armed career criminal adjustments

5

do not apply.

H. The advisory guideline range resulting from these calculations is 6-12 months. However, in order to be as accurate as possible, with the criminal history category undetermined at this time, the offense level(s) estimated above could conceivably result in a range from 6 months (bottom of Category I) to 30 months (top of Category VI). The guideline range would not exceed, in any case, the cumulative statutory maximums applicable to the count of conviction.

I. Pursuant to guideline § 5E1.2, assuming the estimated offense level above, the fine range for this offense would be $2,000 to $20,000 plus applicable interest and penalties.

J. Pursuant to guideline § 5D1.2, if the Court imposes a term of supervised release, that term is at least one year but not more than three years.

K. Pursuant to § 5E1.1, the defendant shall pay restitution in the amount of $58,533 to the United States Department of Veterans Affairs.

The parties understand that although the Court will consider the parties' estimate, the Court must make its own determination of the guideline range. In doing so, the Court is not bound by the position of any party.

No estimate by the parties regarding the guideline range precludes either party from asking the Court, within the overall context of the guidelines, to depart from that range at sentencing if that party believes that a departure is specifically authorized by the guidelines or that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the United States Sentencing

Commission in formulating the advisory guidelines. Similarly, no estimate by the parties regarding the guideline range precludes either party from asking the Court to vary entirely from the advisory guidelines and to impose a non-guideline sentence based on other 18 U.S.C. § 3553 factors.

The parties understand that the Court is free, upon consideration and proper application of all 18 U.S.C. § 3553 factors, to impose that reasonable sentence which it deems appropriate in the exercise of its discretion and that such sentence may be less than that called for by the advisory guidelines (in length or form), within the advisory guideline range, or above the advisory guideline range up to and including imprisonment for the statutory maximum term, regardless of any computation or position of any party on any 18 U.S.C. § 3553 factor.

## VII.  ENTIRE AGREEMENT

This document states the parties' entire agreement. There are no other promises, agreements (or "side agreements"), terms, conditions, understandings, or assurances, express or implied. In entering this agreement, neither the government nor the defendant has relied, or is relying, on any terms, promises, conditions, or assurances not expressly stated in this agreement.

Date: 9/12/13

CHRISTINE ESTORGA
Defendant

Date: 9/12/13

EDWARD R. HARRIS
Attorney for Defendant

Date: 9/12/13

MARTHA A. PALUCH
Assistant U.S. Attorney